UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL LAMPON-PAZ,<br><br>                Plaintiff,<br>v.<br><br>UNKNOWN PARTY, DEPARTMENT OF JUSTICE,<br><br>                Defendant. | Civil No. 15-cv-2237-JAH(RBB)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND (DOC. # 20); DENYING PLAINTIFF'S MOTION TO APPEAR TO SHOW CAUSE (DOC. # 59); DENYING PLAINTIFF'S MOTIONS TO AMEND (DOCS. # 74, 86) AND REQUEST TO SEAL (DOC. # 90); AND DENYING AS MOOT PLAINTIFF'S MOTION TO SEAL AMENDED COMPLAINT (DOC. # 76), REQUESTS FOR APPOINTMENT OF COUNSEL (DOCS. # 61, 63), MOTION TO COMPEL DISCOVERY (DOC. # 80), MOTION TO INTRODUCE PICTURE EVIDENCE (DOC. # 82), MOTION TO SUBPOENA (DOC. # 84), AND MOTION FOR SERVICE (DOC. # 88) |

Pending before the Court are Plaintiff's numerous responses to the Court's order to show cause why Plaintiff's complaint should not be dismissed for failure to state a claim. (Docs. # 50, 52, 53, 55, 57, 70). For the following reasons, the Court dismisses Plaintiff's complaint without leave to amend.

## FACTUAL BACKGROUND

Plaintiff was formerly employed as a federal air marshal. (Doc. # 20, pg. 4–5). Plaintiff alleges that in 2008, he lodged a series of whistleblower complaints regarding lapses in airline security, a suspicious airline passenger who was part of a terrorist cell, and steroid use "within different agencies." Id. at pg. 2–4. Plaintiff contends that he was

1  instructed to retire or quit his job as a result of filing these whistleblower complaints . <u>Id.</u>
2  at 5. Shortly before retiring, Plaintiff's son told him that Mr. O, an unknown school
3  volunteer, had touched his buttocks. (<u>Id.</u> at 5–6; Doc. # 1, pg. 3, 6–7). Plaintiff contends
4  that his son was molested because Plaintiff filed the whistleblower complaints.  (Doc. #
5  20, pg. 7). Plaintiff further alleges that the U.S. Attorney's Office, or a different
6  government agency, was responsible for placing Mr. O in his son's school.  <u>Id.</u> at pg. 6.
7        Plaintiff next asserts that the government granted his retirement after learning that
8  Mr. O had molested Plaintiff's son. <u>Id.</u>  Plaintiff contends that the government used
9  advanced technology including "P300 MERMER, hypnosis, [and] ultrasonic technology"
10 to change his son's story[1] "midstream" when his son was telling him about Mr. O. <u>Id.</u> at
11 8.  Plaintiff contends that the Department of Justice is also a player in this scheme because
12 it is the only government agency that Plaintiff knows to have "[t]he ultrasonic technology
13 that changed [his] son's story in mid-sentence." <u>Id.</u> at 8–9.  Plaintiff also alleges that the
14 government used hypnosis and adrenaline to wipe his son's mind.  (Doc. # 1, pg. 8).

## PROCEDURAL BACKGROUND

16 On November 9, 2015, Plaintiff, proceeding *pro se*, filed the operative, paid
17 complaint against "Unknown Party, Department of Justice." (Doc. # 20). Plaintiff alleged
18 violations of: (i) 18 U.S.C. § 115, (ii) 18 U.S.C. § 249, (iii) 42 U.S.C. § 1981, (iv) 18
19 U.S.C. § 1514, (v) 18 U.S.C. § 242, (vi) 18 U.S.C. § 2241, and (vii) 42 U.S.C. § 1983.
20 (Doc. # 1, pg. 1–2; Doc. # 20, pg. 1–2).[2] Plaintiff also alleged a claim for intentional
21 infliction of emotional distress.  (Doc. # 20, pg. 2).  On January 11, 2016, the Court
22 issued an order directing Plaintiff to file a brief showing cause why his complaint should

---

[1] The change in Plaintiff's son's story appears to relate to the perpetrator's identity. Plaintiff alleges that when his son originally stated that he had been grabbed and touched while in school his son said the perpetrator was an adult, then a kid, and finally a girl classmate. (Doc. # 1, pg. 2). When recounting the incident in 2010, Plaintiff's son referred to the perpetrator as Mr. O, an adult male classroom volunteer. <u>Id</u>.

[2] Although Plaintiff filed a first amended complaint, allegations from both the original and first amended complaints are referenced because the first amended complaint indicates Plaintiff's intention that the first amended complaint supplement the original complaint rather than replace it. (<u>See</u> Doc. # 20, pg. 1).

not be dismissed for failure to state a claim. (Doc. # 48). Plaintiff then filed six responses to the Court's order to show cause. (See Docs. # 50, 52, 53, 55, 57, 70). Additionally, Plaintiff requested an appearance before the Court to show cause why his complaint should not be dismissed. (Doc. # 59).

Thereafter, Plaintiff filed requests for appointment of counsel on February 8, 2016 and February 9, 2016. (Docs. # 61, 63). On May 18, 2016, Plaintiff filed motions to amend his complaint and seal the amended complaint. (Docs. # 74, 76). The motion to amend seeks to add the following claims: (i) interference, coercion, or intimidation in violation of 42 U.S.C. § 3617, (ii) tortious inference, (iii) assault, (iv) terroristic threats in violation of 18 U.S.C. § 242, (v) stalking, (vi) malfeasance, and (vii) negligent infliction of emotional distress.[3] (Doc. # 74, pg. 1–4). Plaintiff next filed motions to compel discovery and introduce picture evidence. (Docs. # 80, 82). On May 23, 2016, Plaintiff filed a motion to subpoena Google records pertaining to his son's Google Plus page and Gmail account. (Doc. # 84). On May 26, 2016, Plaintiff filed an additional motion to amend his complaint that seeks to add a claim for tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512. (Doc. # 86). Finally, Plaintiff filed a motion to seal his "motion to introduce case and related items" and an emergency request to have the United States Marshals Service serve subpoenas on the Defendant. (Docs. # 88, 90).

## DISCUSSION

### A. Plaintiff's Complaint Is Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff is not proceeding *in forma pauperis*. Accordingly, Plaintiff is not subject to the restrictions on frivolous complaints contained in 42 U.S.C. § 1915. However, federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Env't, 523

---

[3] Plaintiff's motions to amend his complaint and seal the amended complaint are inconsistent in that they seek to add different, new causes of action. (See Doc. # 74, pg. 1, 2–4, Doc. # 76, pg. 4, Doc. # 86, pg. 2). In an effort to be inclusive, the Court has named all of the new causes of action set forth in Plaintiff's motions to amend and seal the amended complaint.

1 U.S. 83, 89 (1998) (internal citations omitted); Hagans v. Lavine, 415 U.S. 528, 536–37
2 (1974) (noting that federal courts lack subject matter jurisdiction over claims that are
3 "essentially fictitious," "obviously frivolous," or "obviously without merit"); Franklin v.
4 Murphy, 745 F.2d 1221, 1227 n. 6 (9th Cir. 1984) (stating that a federal court may
5 dismiss frivolous paid complaints for lack of subject matter jurisdiction).

6       Here, the allegations in Plaintiff's complaint are fanciful, implausible, and devoid
7 of merit.[4] As such, the Court does not have subject matter jurisdiction over this action.
8 See Terry v. United States, 2014 WL 5106984, at *1–2 (C.D. Cal. Oct. 10, 2014)
9 (holding that the court lacked subject matter jurisdiction over a plaintiff's fanciful
10 allegations that the National Security Agency was using radio frequency directed energy
11 weapons to implant voices in the plaintiff's head causing terror, illness, and suicidal
12 feelings); Cain v. Obama, 2014 WL 3866062, at *1–2 (C.D. Cal. Aug. 6, 2014)
13 (dismissing a paid complaint as frivolous where the plaintiff alleged that the president and

---

[4] The following are examples of the fanciful, implausible allegations contained in Plaintiff's complaint. Again, allegations from both the original and first amended complaints are referenced due to Plaintiff's intention that the first amended complaint supplement the original complaint rather than replace it. (See Doc. # 20, pg. 1).

"It is my belief that ultrasonic messaging, or electromagnetic pulse, was used at the time that I questioned him [my son] to have him alter his story. Also, Mr. O might have had access to technology that releases electromagnetic pulses to have my son fall asleep." (Doc. # 1, pg. 3).

"In 2012, . . . someone entered my residence at night while I was under investigation and was under hypnosis.... This would have been the second time this happened at my residence that I was aware of.... This incident would have to have been a concerted effort. It would have taken the individuals that were doing the hypnotism to inform the people that came in the house that I was under or in a hypnotic session so as not to get caught. These incidents seem to be linked to a whistleblower case that I was involved in." (Doc. # 1, pg. 4–5).

"Ostensibly, Mr. O, was placed there by the U.S. Attorney's Office or by the agency that they tasked to investigate, intentionally, for unknown purposes. After it was found out that Mr. O molested my son, and probably several other children, they decided to grant me my retirement." (Doc. # 20, pg. 6).

"At this time it seems that my son might have been molested because of these allegations, purposely. My offer of proof is the lack of charges by the U.S. Attorney's Office for 18 U.S.C. 1425, the granting of citizenship to my wife even though she had been in the country illegally, the lack of charges for smuggling in controlled substances i.e the steroids from Mexico, the granting of my retirement, the issuance of my retired credentials, only issued to people that meet certain criteria." (Doc. # 20, pg. 7).

various government agencies implanted biomedical devices in his and his children's bodies to control Plaintiff's mind and body and track his whereabouts); <u>Bivolarevic v. U.S. CIA</u>, 2010 WL 890147, at *2–3 (N.D. Cal. Mar. 8, 2010) (finding plaintiff's claims that the CIA subjected her to "voice to skull technology" as a "mind control weapon" frivolous and dismissing the action without leave to amend for lack of subject matter jurisdiction).

Because Plaintiff's complaint is implausible and frivolous, Plaintiff was ordered to file a response to show cause why his complaint should not be dismissed. Plaintiff filed six responses. (<u>See</u> Docs. # 50, 52, 53, 55, 57, 70). Upon review of these responses, the Court finds that the allegations contained therein are either repetitive of the allegations in Plaintiff's complaint, or are equally bizarre, delusional, and implausible.[5] Accordingly, the Court finds that Plaintiff has failed to show cause why his complaint should not be dismissed. Pursuant to Civil Local Rule 7.1(d.1), the Court denies Plaintiff's motion to appear before this Court to show cause why his complaint should not be dismissed. (Doc. # 59). There is no good cause or evidence to suggest that Plaintiff would be better equipped to show cause if permitted to appear before this Court.

Because the allegations in Plaintiff's complaint and responses to the Court's order to show cause are fantastic and delusional, the Court has no subject matter jurisdiction and must dismiss Plaintiff's complaint. <u>See</u> Fed. R. Civ. P. 12(h)(3) (declaring that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

### B. Plaintiff's Motions for Leave to File an Amended Complaint Are Denied

Plaintiff seeks leave to file a sealed amended complaint. (Docs. # 74, 76, 86). "A

---

[5] For example, in Plaintiff's third response to the Court's order to show cause, Plaintiff details how he was "parked in an off street area of Hotel Circle near Presidio Little League Park for the night. Sometime during the night I woke up to find my pants belt undone as well as my pants button. I am unaware how they got undone but I am sure that they were both fastened when I went to sleep." (Doc. # 53, pg. 1). Plaintiff states his belief that Defendants are either causing him to be fondled in retaliation for filing the instant complaint or are "attempt[ing] to induce paranoia." <u>Id.</u> at 1–2. Additionally, Plaintiff's sixth response to the Court's order to show cause includes unsubstantiated statements that his son's Google Plus page has been viewed 15,195 times, which Plaintiff alleges occurred after "someone most likely leaked the information of what happened." (Doc. # 70, pg. 1–2).

5

district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991) (internal citations omitted). Here, allowing Plaintiff to file an amended complaint would be futile because the amended complaint would be dismissed for lack of subject matter jurisdiction for the following reasons. Plaintiff's proposed second amended complaint[6] seeks to add several new causes of action to the litany of claims alleged in Plaintiff's previous two complaints. (See Docs. # 74, 86). Plaintiff's second amended complaint also includes new instances of Defendant's alleged actions against Plaintiff and his family members. However, these new allegations are just as fanciful, implausible, and devoid of merit as the allegations contained in Plaintiff's previous complaints.

For example, Plaintiff's proposed second amended complaint states that additional, unknown people have interacted with his son in that his son was "taken from a field trip . . . by a stranger that was not a teacher or an administrator" because his son was sick. (Doc. # 74, pg. 4–5). Additionally, Plaintiff alleges that he has "been approached and threatened several times by different individuals who keep referring to my complaints before the court or about my ex-wife's coercion, or [son's] situation.... One individual threatened to dig my grave where I stand.... [A]nother indiviudal popped up where I was sleeping with two seven inch kitchen knives.... [A]nd when I started to write this amended complaint another individual looked at me and said 'Enjoy today, he doesn't know what

---

[6]Plaintiff filed two motions for leave to file an amended complaint. (See Docs. # 74, 86). The motions and proposed amended complaints filed in conjunction with the motions are referenced collectively in this section due to Plaintiff's intention that the two amended complaints supplement Plaintiff's original complaint rather than replace it. (See Doc. # 74, pg. 1, 3; Doc. # 86, pg. 1, 3).

The motions for leave to file a second amended complaint contain numerous, separate documents. The Court construes collectively pages 3 through 10 of Document # 74 and pages 4 through 7 of Document # 86 as Plaintiff's proposed second amended complaint because those documents include additional factual allegations and causes of action that Plaintiff would like to assert. The Court construes collectively pages 13 through 14 of Document # 74 and pages 9 through 10 of Document # 86 as Plaintiff's motion for leave to file a second amended complaint because those pages contain Plaintiff's reasoning as to why he should be granted leave to file a second amended complaint.

he [sic] going to happen to him tomorrow.'" Id. at 5. Plaintiff alleges that all of these incidents are "tortious interference that was done when it was revealed what happened to my son." Id. at 7. Plaintiff further alleges that the government's actions led to the "coercion of my ex-wife for sexual favors for the return of citizenship papers and non prosecution [which] was a forced breach of my marital vows… which led to our divorce." Id. at 8. Finally, Plaintiff alleges that various items have been stolen from him, and Plaintiff's son's therapists may be "practic[ing] hypnotherapy" on Plaintiff's son because Plaintiff's son's memory "has become hazy since first relating to [Plaintiff] what happened to him." (Doc. # 86, pg. 5–6).

Because the allegations in Plaintiff's proposed second amended complaint are fanciful, implausible, and devoid of merit, the second amended complaint would be subject to dismissal. Therefore, the Court finds that granting Plaintiff leave to amend would be futile. Accordingly, the Court denies Plaintiff's motions to amend (Docs. # 74, 86) and dismisses Plaintiff's complaint without leave to amend. See Thinket Ink Info. Res., Inc. V. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004). As a result, the Court denies as moot Plaintiff's motion to seal the second amended complaint (Doc. # 76), discovery motions, requests for appointment of counsel, and emergency request for service by the United States Marshals Service. The Court also denies as unwarranted Plaintiff's request to seal his "motion to introduce case and related items."

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's complaint (Doc. # 20) is DISMISSED WITHOUT LEAVE TO AMEND;
2. Plaintiff's motions for leave to file an amended complaint (Docs. # 74, 86) are DENIED;
3. Plaintiff's motion to appear before the Court to show cause why Plaintiff's complaint should not be dismissed (Doc. # 59) is DENIED;
4. Plaintiff's motion to seal his second amended complaint (Doc. # 76) is

        DENIED as MOOT;

5. Plaintiff's requests for appointment of counsel (Docs. # 61, 63) are DENIED AS MOOT;

6. Plaintiff's motion to compel discovery (Doc. # 80) is DENIED AS MOOT;

7. Plaintiff's motion to introduce picture evidence (Doc. # 82) is DENIED AS MOOT;

8. Plaintiff's motion to subpoena Google records (Doc. # 84) is DENIED AS MOOT;

9. Plaintiff's motion for emergency service by the United States Marshals Service (Doc. # 88) is DENIED AS MOOT;

10. Plaintiff's request to seal his motion to introduce case and related items (Doc. # 90) is DENIED; and

11. The Clerk of Court shall serve a copy of this order on Plaintiff and return the photographs attached to Document # 82 to Plaintiff using the address on record with the Court.

Dated: June 3, 2016

*/s/ John A. Houston*

JOHN A. HOUSTON
United States District Judge